# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CINDY LICEA, *et al.*,

    Plaintiffs,

vs.

MICHAEL POMPEO, *et al.*,

    Defendants.

Case No.: 2:18-cv-01057-GMN-NJK

**ORDER**

  Pending before the Court is a Motion to Dismiss, (ECF No. 15), filed by Defendants Michael Pompeo, as United States Secretary of State, David T. Donahue, as acting Assistant Secretary of State for Consular Affairs, Edward J. Ramotowski, as Deputy Assistant Secretary of State for Visa Services, and Daria L. Darnell, as United States Consular General for Ciudad Juarez, Mexico (collectively, "Defendants"). Plaintiff Cindy Licea ("Plaintiff") filed a Response, (ECF No. 16), and Defendants filed a Reply, (ECF No. 19).

  Also pending before the Court is Defendants' Motion to Dismiss, (ECF No. 8).[1]

## I.  BACKGROUND

  This is an action seeking mandamus under 28 U.S.C. § 1361 and declaratory relief under 28 U.S.C. § 2201 relating to the denial of an immigrant visa application. (*See* First Am. Compl. ("FAC"), ECF No. 11).

  Plaintiff is a United States citizen. (FAC at 2). Eduardo Romero Flores is a Mexican citizen born on September 22, 1980. (*Id.* at 3). In or around May 1998, Flores (age 17) made two attempts to illegally enter the United States. (*Id.*). Flores was 17 years old at the time.

---

[1] As an initial matter, the First Amended Complaint, (ECF No. 11), is the operative complaint, which supersedes the original Complaint, (ECF No. 1). As such, Defendants' Motion to Dismiss Complaint, (ECF No. 8), is **DENIED** as moot.

(*Id.*). Flores's first attempt allegedly resulted in his immediate detention, fingerprinting, and voluntary departing from the United States. (*Id.*). Flores's second attempt allegedly resulted in his successful, illegal entry into the United States without inspection and his continuous stay until April 2018. (*Id.*). On November 17, 2007, Plaintiff and Flores were married in Clark County, Nevada. (*Id.*).

On July 9, 2015, Plaintiff's Form I-130 Petition for Alien Relative to initiate the process to adjust Flores's immigration status in the United States was received by the United States Customs and Immigration Services (the "USCIS"). (*Id.* at 3, 19). On January 14, 2016, the USCIS sent a Notice of Approval of the I-130 Petition advising that the visa petition has been sent to the Department of State National Visa Center ("NVC"), who in turn will determine and forward the petition to the appropriate consulate to complete visa processing. (*Id.* at 3–4, 21). On May 26, 2017, the USCIS sent a Notice of Approval of Flores's I-601A Provisional Unlawful Presence Waiver, which was subject to various conditions detailed therein, including approval by the applicable consular's office. (*Id.* 11 at 4, 23). On April 4, 2018, Flores appeared before a United States consular officer at the United States Consulate in Ciudad Juarez, Mexico, for an interview pertaining to Flores's visa application. (*Id.* at 4). On that same date, Flores's visa was denied based on ineligibility under INA § 212(a)(9)(B)(ii)[2] and INA § 212(a)(6)(C)(ii)[3]. (*Id.* at 26). As to the former, a violation may be eligible for a waiver through an I-601 Waiver subject to the determination of the USCIS; as to the latter, no waiver was available. (FAC at 26).

On June 12, 2018, Plaintiffs Licea and Flores filed the original Complaint, (ECF No. 1). On October 5, 2018, Plaintiff Licea (removing Flores as a plaintiff) filed the operative First Amended Complaint ("FAC") against Defendants alleging two claims for relief: (1) mandamus;

---

[2] 8 U.S.C. § 1182(a)(9)(B)(ii) ("Unlawful Presence").
[3] 8 U.S.C. § 1182(a)(6)(C)(ii) ("False Claim of Citizenship").

and (2) declaratory relief. (FAC 11).  Plaintiff seeks an order compelling Defendants to reset Flores's interview before the consular officer and to reconsider his immigrant visa. (*Id.* at 9). Plaintiff further seeks a declaration that 8 U.S.C. § 1182(a)(9)(B)(ii) and 8 U.S.C. § 1182(a)(6)(C)(ii) are inapplicable to Flores and cannot therefore be a basis for the denial of his immigrant visa. (*Id.* at 9).

In the instant Motion, Defendants move to dismiss both claims set forth in the FAC, (ECF No. 11), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Court will address each in turn.

## II. <u>LEGAL STANDARD</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 1992).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

In the instant Motion, Defendants argue that dismissal is proper because the visa denial was facially legitimate and bona fide under *Kleindienst v. Mandel*, 408 U.S. 753 (1972), because the visa denial was based on two legitimate, statutory grounds: (1) 8 U.S.C. § 1182(a)(9)(B)(ii); and (2) 8 U.S.C. § 1182(a)(6)(C)(ii). (Mot. to Dismiss ("MTD") at 10, 12–13).

"[I]t has been consistently held that the consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review." *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986). "However, courts have identified a limited exception to the doctrine where the denial of a visa implicates the constitutional rights of American citizens." *Bustamante v. Mukasey*, 531 F.3d 1059, 1061 (9th Cir. 2008). "The exception is rooted in *Kleindienst v. Mandel*[.]" *Id.* "[U]nder *Mandel*, a U.S. citizen raising a constitutional challenge to the denial of a visa is entitled to a limited judicial inquiry regarding the reason for the decision." *Id.* at 1062. "As long as the reason given is facially legitimate and bona fide the decision will not be disturbed." *Id.* (citing *Mandel*, 408 U.S. at 770).

"First, the consular officer must deny the visa under a valid statute of inadmissibility." *Cardenas v. United States*, 826 F.3d 1164, 1172 (9th Cir. 2016). Here, the consular officer gave two facially legitimate reasons to deny Flores' visa because the consular officer cited two specific provisions of a valid statute of inadmissibility: (1) 8 U.S.C. § 1182(a)(9)(B)(ii); and (2) 8 U.S.C. § 1182(a)(6)(C)(ii). (*See* FAC at 26). Title 8 U.S.C. § 1182(a) provides in relevant part as follows:

> (6) Illegal entrants and immigration violators
> . . . .
>    (C) Misrepresentation
>    . . . .
>       (ii) Falsely claiming citizenship
>          (I) In general. Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the

       United States for any purpose or benefit under this chapter (including section 1324a of this title) or any other Federal or State law is inadmissible.
 . . . .
 (9) Aliens previously removed
  . . . .
  (B) Aliens unlawfully present
   (i) In general. Any alien (other than an alien lawfully admitted for permanent residence) who—
    . . . .
    (II) has been unlawfully present in the United States for one year or more, and who again seeks admission within 10 years of the date of such alien's departure or removal from the United States,
  is inadmissible.
   . . . .
   (ii) Construction of unlawful presence. For purposes of this paragraph, an alien is deemed to be unlawfully present in the United States if the alien is present in the United States after the expiration of the period of stay authorized by the Attorney General or is present in the United States without being admitted or paroled.
   (iii) Exceptions
    (I) Minors. No period of time in which an alien is under 18 years of age shall be taken into account in determining the period of unlawful presence in the United States under clause (i).
   . . . .
   (v) Waiver. The Attorney General has sole discretion to waive clause (i) in the case of an immigrant who is the spouse or son or daughter of a United States citizen or of an alien lawfully admitted for permanent residence, if it is established to the satisfaction of the Attorney General that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien. No court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause.

*See* 8 U.S.C. § 1182(a).

  "Second, the consular officer must cite an admissibility statute that 'specifies discrete factual predicates the consular officer must find to exist before denying a visa, or there must be

a fact in the record that 'provides at least a facial connection to' the statutory ground of inadmissibility." *Cardenas*, 826 F.3d at 1172 (quoting *Kerry v. Din*, 135 S. Ct. 2128, 2141 (2015) (Kennedy, J., concurring)). Here, for each statutory ground, the consular officer provided a bona fide factual reason that provided a "facial connection" to the respective statutory ground of inadmissibility. (*See* FAC at 26). As to the False Claim of Citizenship, the consular officer provided that "the applicant made a false claim to U.S. citizenship." (*Id.*). As to the Unlawful Presence, the consular officer provided that "[t]he applicant was unlawfully present in the U.S. for more than 365 days. This ineligibility will expire after [Mar. 2028]." (*Id.*).

The consular officer denied Flores's immigrant visa under a valid statute of inadmissibility and found factual predicates to exist before denial of the same. Based on the record, the visa denial was facially legitimate and bona fide. *See, e.g.*, *Cardenas*, 826 F.3d at 1172 ("The consular officer gave a facially legitimate reason to deny Mora's visa because he cited a valid statute of inadmissibility, § 1182(a)(3)(A)(ii), which denies entry to an alien who intends to enter with the intent to engage in 'unlawful activity.' He also provided a bona fide factual reason that provided a 'facial connection' to the statutory ground of inadmissibility: the belief that Mora was a 'gang associate' with ties to the Sureno gang.").

Plaintiff's assertion—that Flores "emphatically denies the existence of any facts which would provide a facial connection to a false claim of U.S. citizenship"—without more is insufficient under the instant limited judicial inquiry. (Resp. at 4). As the FAC acknowledges, Flores's first attempted entry resulted in his immediate detention, fingerprinting, and voluntary departure from the United States. (FAC at 3). Plaintiff argues that "[i]f the false claim basis for the visa denial fails, so too does the unlawful presence visa denial." (Resp. at 4). Plaintiff argues that the first ground for unlawful presence only survives if the second survives because Flores had a valid Form I-601A waiver at the time of the consular interview. (*Id.* at 3–4).

Plaintiff's reliance on the Form I-601A, however, is misplaced as it was a *provisional* unlawful presence waiver and the consular officer additionally found that Flores made a false claim to U.S. citizenship. (FAC at 26). With respect to the remainder of Plaintiff's arguments, the Court finds that they are insufficient in light of the limited inquiry authorized under *Mandel*.

Based on the foregoing, the Court finds that the visa denial was facially legitimate and bona fide and the decision will therefore not be disturbed. As Plaintiff's declaratory relief claim is predicated on the same grounds as Plaintiff's request for mandamus, Plaintiff's claim for declaratory relief fails for the same reasons. Accordingly, Defendants' Motion to Dismiss Amended Complaint, (ECF No. 15), is **GRANTED** and Plaintiff's Amended Complaint, (ECF No. 11), is **DISMISSED without prejudice**.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Amended Complaint, (ECF No. 15), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint, (ECF No. 11), is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Complaint, (ECF No. 8), is **DENIED as moot**.

**DATED** this __30__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court